UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP PHILLIPS and ENID PHILLIPS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 21-CV-0390-CVE-CDL |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is plaintiffs' opposed motion to remand (Dkt. # 77). Plaintiffs stipulate that the amount in controversy is now less than $75,000 and, therefore, argue that this Court now lacks subject matter jurisdiction and the case must be remanded to state court. Id.

On August 20, 2021, plaintiffs Philip Phillips and Enid Phillips filed an amended petition in the District Court of Rogers County, Oklahoma (Dkt. # 2-1, at 1-4) against defendant State Farm Fire and Casualty Company (State Farm) alleging breach of contract and breach of the covenant of good faith and fair dealing (bad faith) based on a disagreement regarding the extent of and coverage for wind and hail damage to plaintiffs' roof. Id. at 2-4. Plaintiffs sought actual damages based on defendant's alleged breaches, and punitive damages for bad faith, which were alleged to be in excess of $75,000. Id. at 3-4. On September 15, 2021, defendant removed this case to federal court on the basis of diversity jurisdiction, as "there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000." Dkt. # 2, at 3. On November 8, 2022, this Court issued an Opinion and Order, granting defendant's motion for partial summary judgment as to plaintiffs' bad faith claim and the issue of punitive damages. Dkt. # 74. Therefore, plaintiffs' only

remaining claim is for breach of contract, with alleged damages of $46,058.58. Plaintiffs also stipulate that the amount in controversy is less than $75,000, inclusive of damages and attorney's fees. Dkt. # 77, at 1.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008). Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively

apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[1]

The law is clearly established that plaintiffs may not defeat removal based on diversity of citizenship by a reduction of the amount in controversy after removal. The Supreme Court has stated that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); see also Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing"); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000) (holding that a plaintiff's post-removal stipulation reducing the amount in controversy did not require remand).

The Court finds that plaintiffs' motion to remand should be denied, because the case was properly removed on the basis of diversity jurisdiction. A post-removal disclaimer that the plaintiffs are seeking less than $75,000 does not require a district court to remand a case to state court and such a disclaimer has no bearing on the existence of subject matter jurisdiction at the time of removal. Hunt v. DaVita, Inc., 680 F.3d 775, 777-78 (7th Cir. 2012). This rule prevents forum manipulation by plaintiffs and it allows district courts to make a straightforward determination of subject matter jurisdiction at the time of removal. Rogers, 230 F.3d at 872. In this case, plaintiffs' amended state court petition expressly demanded damages in excess of $75,000 and, although the bad faith and punitive damages are no longer available, it is clear that the case was properly removed based on the

---

[1] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

amount in controversy alleged in the amended petition. See Rackhouse Pub, LLC v. Proximo Spirits, Inc., 2013 WL 5609347 (D. Colo. Oct. 11, 2013). The notice of removal establishes that the parties are completely diverse and State Farm could rely on plaintiffs' allegation that they were seeking in excess of $75,000 to establish the amount in controversy. That the Court's grant of partial summary judgment reduced the amount in controversy has no effect on the propriety of removal, and the case should not be remanded to state court.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to remand (Dkt. # 77) is **denied**.

**DATED** this 22nd day of February, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE